J-A02039-18

2018 PA Super 129

| | | |
|---|---|---|
| MENDY TRIGG, INDIVIDUALLY AND SMITHFIELD TRUST, INC., AS THE GUARDIAN OF THE ESTATE OF JILLIAN TRIGG, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | No. 1041 WDA 2017 |
| | : | |
| | : | |
| CHILDREN'S HOSPITAL OF PITTSBURGH OF UPMC | : | |
| | : | |

Appeal from the Judgment Entered June 28, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 13-002322

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

CONCURRING STATEMENT BY BOWES, J.: FILED: May 14, 2018

I join the majority, and concur in every respect with the conclusions expressed therein. I write separately to urge the Allegheny County Civil Division to re-examine, and consider revising, its voir dire procedures for the reasons that follow.

In my view, a court's ruling on a challenge for cause of a potential juror is analogous to a credibility determination of a witness. Both decisions are informed not only by the individual's answers to questions, but also by his or her demeanor while framing those answers. Observation of a potential juror, as with a witness, provides revealing glimpses into the individual's thoughts and feelings. A brief pause or nervous gesture may suggest that one is not being forthcoming or completely truthful, leading to further inquiry. As an

appellate court, we defer to a factfinder's credibility assessment because, whether judge or jury, the factfinder had the opportunity to personally observe the demeanor of the witnesses. Commonwealth v. Abu-Jamal, 720 A.2d 79, 99 (Pa. 1998) (citing Commonwealth v. Farquharson, 354 A.2d 545, 550 (Pa. 1976)). We have often stated that it is not our role, "by studying isolated, cold words of a printed record, to believe certain witnesses and to disbelieve others." In re Meyers (Girsh Trust), 189 A.2d 852, 859-860 (Pa. 1960).

In the Allegheny County Civil Division, however, the judge supervising voir dire is not present for a potential juror's initial reaction and answers to questions posed. The judge makes the decision whether to disqualify a potential juror based upon a review of transcribed answers to voir dire questions, or in some cases, after a subsequent interview with the challenged individual. For the reasons cited by the majority, I agree that such a procedure warrants a departure from the deference usually afforded to the rulings of judges who contemporaneously observe or participate in the voir dire process.

The amount of deference to be accorded such a decision is not my only concern, however. I question whether the voir dire procedure currently employed in Allegheny County results in sound disqualification determinations. We held in Cordes v. Assocs. of Internal Med., 87 A.3d 829, 833-834 (Pa.Super. 2014) (emphasis added), that, "[t]he test for

determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor."

The failure to observe a potential juror's demeanor may not be significant where a juror has such a close relationship with a participant in the case that the determination to disqualify is practically a legal one. Of greater concern to me, however, is the situation where a juror demonstrates a likelihood of prejudice by conduct or answers to questions. In that instance, the ability to observe the demeanor of the potential juror as he or she first answers those questions is critical. Absent such scrutiny, I question whether the judge has the information necessary to render a sound decision. Moreover, on appeal, without the benefit of the judge's contemporaneous assessment of the demeanor of the potential juror, I believe the record may be inadequate for informed appellate review.

The voir dire process is fundamental to the selection of a fair and impartial jury. Challenges for cause are an essential tool for removing individuals who are biased or incapable of putting aside personal feelings and deciding a case on the facts and law presented. I believe a fair and impartial jury is more likely to be achieved when the judge who is ruling on potential disqualification is present at voir dire to observe the potential juror's demeanor as he or she answers questions. That level of participation then

enables the judge to articulate his or her impression of a challenged juror's ability to be impartial, which is indispensable to this Court in conducting meaningful appellate review.

Judge Olson joins this concurring statement.